UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ultra Cartridge Corporation, a Minnesota corporation, d/b/a HOUSINGSYSTEMS, a wholly owned subsidiary of THE WALMAN OPTICAL COMPANY, a Minnesota corporation,

Plaintiff,

v.

JOHN COTTRELL, an individual, and CAPSULE TECHNOLOGIES, INC., a Minnesota corporation,

Defendants.

Civ. File No. 02-CV-343

**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**

WHEREAS, the Defendants and Walman Optical Company (hereinafter referred to as "Walman") believe that certain discovery materials, including answers to interrogatories, responses during depositions, and documents and things, which are or will be encompassed by discovery requests in this litigation, may contain confidential business information or confidential personnel information.

WHEREAS, this agreement is entered into solely between the Defendants and Walman, and in no way permits the disclosure of confidential business information to Plaintiff Ultra Cartridge Corporation (hereinafter referred to as "Ultra Cartridge"), or its officers, employees, attorneys or other agents; provided that this agreement does allow the disclosure of defendants' confidential business information and confidential personnel information to the undersigned Walman counsel and their staff (who also are counsel of record to Ultra Cartridge);

WHEREAS, each party believes that it would serve the interest of the parties to conduct discovery under a protective order.

JUL 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IT IS HEREBY ORDERED:

1. This Protective Order shall govern the dissemination of information in this litigation, including without limitation, the inspection, copying, and use of all answers, documents, things, responses, and other information and any copies thereof, produced or furnished during pre-trial discovery in this litigation. To the extent that copies of documents and things produced for inspection by a party or requested by an opposing party, all such produced copies shall bear unique identifying numbers.

2. Each party may segregate and label, stamp, or mark documents and things produced by it for the inspection of the opposing party, and may label papers, transcripts, and answers to interrogatories and responses to discovery requests, briefs, motions, pleadings, or other papers in this litigation as "CONFIDENTIAL" or "CONFIDENTIAL, MAY BE DISCLOSED TO ATTORNEYS FOR THE DEFENDANTS" or "CONFIDENTIAL, MAY BE DISCLOSED TO ATTORNEYS FOR WALMAN" to the extent that it believes such documents, things, transcripts, answers, responses, briefs, motions, pleadings, or other papers comprise or contain confidential business information or confidential personnel information. Such a designation shall not be made on a wholesale basis but shall be limited to documents, things, testimony, information or material which counsel in good faith concludes after a reasonable inquiry contain confidential research or commercial information, other confidential business information, confidential personnel information or other trade secret information. Such information hereinafter shall be referred to as "CONFIDENTIAL INFORMATION."

3. Materials containing such CONFIDENTIAL INFORMATION shall be served or produced to an opposing party for the sole inspection, copying, and use by: (a) the opposing party's

counsel; (b) the experts described in, and complying with the requirements of, paragraph 6; (c) supporting personnel (e.g., but not limited to, paralegal, secretarial, stenographic and clerical personnel) employed by and assisting such counsel and experts in connection with this litigation and whose functions require such supporting personnel to have access to the CONFIDENTIAL INFORMATION; and (d) court reporters, the Court and its personnel.

4. Except as provided in this Order, the counsel for Walman and the Defendants, and the supporting personnel assisting them in connection with this litigation, shall hold in confidence, and not disclose to others, including without limitation, any officer, employees, or other agent of the parties to this litigation, any CONFIDENTIAL INFORMATION of the other party. Counsel and supporting personnel receiving CONFIDENTIAL INFORMATION under this Order may use such CONFIDENTIAL INFORMATION only for the purpose of this action.

5. The attorneys for the parties are explicitly prohibited from disclosing CONFIDENTIAL INFORMATION to the officers, employees, attorneys (other than counsel of record identified in paragraph 3), or other agents of the parties.

6. The parties recognize that counsel may desire to utilize the service of experts. CONFIDENTIAL INFORMATION of the opposing parties may be disclosed to experts who cannot be employees of a party to this litigation. Prior to the disclosure of such CONFIDENTIAL INFORMATION to such an expert, the expert shall sign a copy of this Protective Order whereby such expert agrees to be bound by and comply with the terms of this Protective Order.

7. CONFIDENTIAL INFORMATION shall not be made public or otherwise disseminated or disclosed to anyone else by any persons gaining access to CONFIDENTIAL INFORMATION under this Protective Order, unless such CONFIDENTIAL INFORMATION shall

become public in a manner not in violation of this Protective Order. To the extent that it is necessary to file with the Court material containing or comprising CONFIDENTIAL INFORMATION in connection with proceedings in this action, such materials shall be filed in sealed envelopes marked with the caption of this case and the notation:

SEALED PURSUANT TO PROTECTIVE ORDER
DO NOT OPEN WITHOUT COURT ORDER

8. This Protective Order shall not foreclose either party from moving the Court for an Order that materials designated as containing CONFIDENTIAL INFORMATION are, in fact, not confidential or that materials marked as CONFIDENTIAL should be disclosed to a named individual. However, in no event, shall any party disclose any CONFIDENTIAL INFORMATION in violation of the terms of this Protective Order without a prior Order of the Court allowing such disclosure.

9. This Protective Order shall not prevent either party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing in writing between themselves to modify or vacate this Protective Order, subject to the approval of the Court.

10. The authorization contained herein for each party to designate information as confidential is intended solely to facilitate the disposition of this litigation, and such designation shall not be construed in any way as an admission or agreement by the party receiving materials designated as containing CONFIDENTIAL INFORMATION that such materials constitute or contain confidential information in contemplation of law.

11. In the event that either party discovers, after it has produced information, that it had inadvertently produced information that has not been correctly designated as CONFIDENTIAL

INFORMATION, the producing party may, within ten (10) business days of the discovery of the inadvertent production, correct that error by a subsequent designation made in writing specifically identifying the designated information. Upon receipt of such notice, the parties shall treat such information in accord with this Stipulation for Protective Order and Protective Order. When an attorney receives notice that CONFIDENTIAL INFORMATION was mistakenly produced without the proper designation, the attorney will immediately notify any person who received the information, but who was not entitled to receive it under the terms of this Stipulation for Protective Order and Protective Order and inform that person that they must immediately return the information and any copies thereof to the attorney. The attorney will also instruct that person that he must not disclose any of the information.

12. Nothing in this Stipulation for a Protective Order and Protective Order shall prevent or restrict the parties from using or disclosing any non-confidential information that was submitted to them by a non-party. Non-parties may designate documents as "CONFIDENTIAL INFORMATION," which designation shall be governed by the terms and conditions of this Order. All parties agree to abide by the terms and conditions of this Order for any and all documents designated as CONFIDENTIAL INFORMATION by any non-party.

13. After final termination of this litigation, and upon the request of a party which has disclosed CONFIDENTIAL INFORMATION, receiving counsel (and any others receiving CONFIDENTIAL INFORMATION under this Protective Order) shall return or certify in writing the destruction of all materials, and copies thereof, containing or comprising CONFIDENTIAL INFORMATION of the disclosing party within sixty (60) days of such request after termination of this litigation. Notwithstanding the foregoing, counsel may keep one set of pleadings, motion papers,

deposition transcripts and exhibits, trial transcripts and exhibits, briefs and the like, which contain CONFIDENTIAL INFORMATION and any such counsel deems necessary for use only with respect to issues which might later arise out of this litigation subject to the ongoing obligation to maintain the confidentiality of CONFIDENTIAL INFORMATION. This Protective Order shall survive the final termination of this action to the extent that such CONFIDENTIAL INFORMATION is not or does not become known to the public.

14. a) If counsel for a party believes that questions put to a witness being examined in a deposition will disclose CONFIDENTIAL INFORMATION, or that the answers to any question or questions required such disclosure, or if documents to be used as exhibit during the examination contain such CONFIDENTIAL INFORMATION, counsel shall so notify opposing counsel and furnish the reporter with a copy of this Protective Order. The deposition of such witness containing CONFIDENTIAL INFORMATION shall then be taken only in the presence of persons qualified to have access to CONFIDENTIAL INFORMATION, in accordance with this Protective Order.

b) Transcripts of depositions designated in accordance with Paragraph 2 shall be treated as materials designated as containing CONFIDENTIAL INFORMATION in accordance with this Protective Order.

c) All deposition transcripts shall be confidential for a period of twenty (20) days after receipt of the transcript from the court reporter; thereafter, only such portions of transcript as are affirmatively designated in writing by a party to be confidential shall be confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all other parties by listing the page and inclusive line numbers of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated "CONFIDENTIAL"

by any party, the court reporter, or the party holding the original, shall imprint the word "CONFIDENTIAL"or "CONFIDENTIAL PORTION CONTAINED INSIDE" on the front page of the original of the deposition transcript. Counsel must submit any confidential portion of any such deposition transcript to the Court under seal in accordance with Paragraph 7. Any transcript of any such deposition filed by the reporter shall be filed under seal in accordance with Paragraph 7 unless otherwise agreed upon by counsel for the parties. A party also may designate portions of a transcript of a deposition as confidential during the deposition if noted by the court reporter in the record.

d) Other responses to discovery demands, to the extent such responses are designated as containing or comprising CONFIDENTIAL INFORMATION, shall be subject to the provisions of this Protective Order as materials containing confidential information and shall be filed under seal in accordance with Paragraph 7.

15. Nothing in this Stipulation for Protective Order and Protective Order shall prevent or otherwise restrict counsel form rendering advice to their clients and, in the course thereof, relying generally on examination of "CONFIDENTIAL INFORMATION"; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information so designated.

16. Any party that inadvertently produces a document that is privileged because the document is an attorney-client communication or is privileged under the work-product doctrine, may within ten (10) business days of the discovery of production of the privileged document, request in writing that the attorney for the party receiving the document immediately return the document and any copies, or certify that copies have been destroyed. In addition, the privileged document, unless

it is later deemed not to contain privileged information or is produced in redacted form, may not be introduced into evidence, either directly or by reference to the document or its contents.

17. Nothing in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

18. If another court or administrative agency subpoenas or orders production of information that a party has obtained in this action, such party shall promptly notify the party or other person who produced the information of the pendency of such subpoena or order.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dated: 28 June 2002 By: ____________________

Annamarie A. Daley, Esq. (#158112)
Ken R. Hall, Esq. (#247017)
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, Minnesota 55402-2015
(612) 349-8500
Attorneys for Plaintiff

NIKOLAI & MERSEREAU, P.A.

Dated: July 1, 2002 By: ____________________

James T. Nikolai (#144101)
International Centre
500 Second Avenue South, Suite 820
Minneapolis, MN 55402-3813
(612) 339-7461
Attorney for Defendants

IT IS SO ORDERED.

Dated: July 5, 2002

Honorable Franklin L. Noel
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.